UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LEVERETT,

      Petitioner,

v.                         CASE NO. 2:25-11512
                         HON. JONATHAN J.C. GREY

ERIC RARDIN,

      Respondent.

_____/

**<u>OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO SUPPLEMENT (ECF No. 5) AND DENYING PETITION FOR
A WRIT OF HABEAS CORPUS (ECF No. 1)</u>**

## I.    INTRODUCTION

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoner Charles Leverett, currently confined at the Federal Correctional Institution in Milan, Michigan, challenges the Federal Bureau of Prisons' ("BOP") calculation of his release date to a halfway house under the Second Chance Act ("SCA"), as well as the determination that he is ineligible to earn credits toward his federal sentence under the First Step Act ("FSA"). (ECF No. 1.) Shortly after initiating this action, Leverett filed a motion to supplement his petition with additional

exhibits. (ECF No. 5.) Respondent filed an answer, contending that the petition should be dismissed. For the reasons stated herein, the Court **GRANTS** the motion to supplement and **DISMISSES** the petition.

## II. BACKGROUND

In 2018, while on supervised release for a 2012 conviction, Leverett was charged with being a felon in possession of a firearm. *See United States v. Charles Leverett*, No. 19-cr-20098, ECF No. 60, (E.D. Mich.). He pleaded guilty to that charge as well as supervised release violations in Case No. 17-20845. The court sentenced Leverett to an aggregate of 77 months in prison. He began serving his sentence on July 1, 2021, and his anticipated release date is December 12, 2026. *See id.*

On May 22, 2025, Leverett initiated this habeas action pursuant to 28 U.S.C. § 2241. He primarily challenges the BOP's calculation of his conditional release date and argues that the BOP is not applying his time in accordance with the SCA. He requests that the BOP place him in a halfway house eight months before his release date on his current sentence, instead of two months before, as he was informed in May 2025. *See* ECF No. 1. Additionally, Leverett argues that he should be eligible for applied sentence credits under the FSA because his Prisoner

Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score erroneously includes points for a violent offense. Leverett concedes that he has not completed exhaustion of his administrative remedies and argues that the futility exception applies to excuse the exhaustion requirement. Leverett seeks the full application of his SCA benefits and the application of his earned FSA credits.

## III.  ANALYSIS

### A.  Motion to Supplement

As an initial matter, Leverett seeks leave to supplement his petition with additional exhibits, which he claims were not available when he filed the petition. The decision to grant or deny a motion to supplement or amend a habeas petition is within the district court's discretion. *See Raglin v. Shoop*, No. 19-3361, 2022 U.S. App. LEXIS 15289, at *19 (6th Cir. Jun. 1, 2022); *See* Fed. R. Civ. P. 15(d). The Court grants the motion because exhibits advance the claims in the petition.

### B.  Petition

#### 1.  Exhaustion

Leverett concedes that he has not exhausted his administrative remedies prior to filing his habeas petition. A federal habeas corpus

3

petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). The Sixth Circuit has indicated that "the habeas exhaustion requirement is not without exception," nor "statutorily required." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236, 235 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either 'excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.'" *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), abrogated in part on other grounds by *Reno v. Koray*, 515 U.S. 50 (1995)). Dismissal of habeas corpus petition without prejudice is inappropriate where any further attempt by a prisoner to exhaust the Bureau of Prison's administrative procedures would be futile. *See Bauer v. Henman*, 731 F. Supp. 903, 906 (S.D. Ill. 1990).

Leverett argues that he falls within the futility exception because unit staff refused to accept his B-9 form, which is the first step in the formal remedy program described in 28 C.F.R. § 542.10, *et seq*. However,

4

the Court will not address the exhaustion requirement because his claims do not warrant habeas corpus relief, and it would be a waste of time and resources to require exhaustion of administrative remedies or to address Leverett's argument that it would be futile to do so. The Court therefore excuses the exhaustion requirement and proceeds to address the merits of the claims.

### 2.   Merits

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Leverett's application is properly brought under Section 2241 because he is challenging the manner in which his sentence is being executed.

Eligible federal inmates, i.e., those whose convictions do not exclude them from receiving FSA benefits, may earn FSA time credits or FTCs. An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 FTCs during those 30 days if: (i) his or her recidivism-

risk rating is minimum or low; and (ii) his or her risk of recidivism has not increased for two consecutive recidivism assessments by the BOP. 18 U.S.C. § 3632(d)(4)(A)(ii); *see also* 28 C.F.R. § 523.42(c)(2). A federal prisoner may lose earned FTCs for violating the requirements or rules of programs or as a sanction for a prohibited act. 28 C.F.R. § 523.43(a).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, basically shortening a sentence by up to one year. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have any remaining FTCs applied towards early transfer to pre-release custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

Because certain requirements must be met before FTCs can be applied toward an inmate's sentence, the BOP makes a distinction between "earned" FTCs and "applied" FTCs. For earned FTCs to be applied to a sentence, an eligible prisoner must have: (i) earned FTCs in an amount equal to his or her remaining term of imprisonment; (ii) shown through periodic risk assessments a demonstrated reduction in recidivism risk or maintaining a low or minimum risk during his or her incarceration; and (iii) had the remainder of his term computed under

applicable law. 18 U.S.C. § 3624(g)(1); 28 C.F.R. §§ 523.44(b)–(d). Only "earned" FTCs "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

In addition to the FTCs, the BOP also assesses each inmate individually under the SCA to determine whether they might qualify for up to 365 additional days of early transfer to prerelease custody. The SCA gives the BOP the authority to determine an inmate's eligibility for residential re-entry center ("RRC") placement. *See* SCA of 2008, Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692–693 (April 9, 2008), 18 U.S.C. § 3624(c). The Act provides that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c).

The decision to place an inmate in pre-release community confinement under the SCA is discretionary and will be "determined on an individual basis" according to the five factors contained in 18 U.S.C. § 3621(b)—known as "five factor review." 73 Fed. Reg. 62, 440, 441–442 (Oct. 21, 2008). These factors include: (i) the resources of the facility

7

contemplated; (ii) the nature and circumstances of the offense; (iii) the history and characteristics of the prisoner; (iv) any statement by the court that imposed the sentence; and (v) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b).

Notably, inmates have no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992)). Additionally, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. *See Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002).

Here, Leverett is not entitled to habeas relief for the BOP's application of his sentencing credits under the SCA and FSA. First, Leverett is not entitled to habeas relief simply because the BOP will not provide him with an earlier halfway house placement date under the SCA. "[T]he Second Chance Act does not guarantee a one-year RRC placement, but only directs the BOP to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence." *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009); *See also Demis v. Sniezek*, 558 F.3d 508, 513–514 (6th Cir. 2009). To the

8

extent Leverett challenges the BOP's calculation, such decision is discretionary, and there is no guarantee that he would receive a one-year RRC placement. *See United States v. Browder*, No. 13-20917, 2022 WL 2898632, at *3 (E.D. Mich. July 21, 2022). Nevertheless, the Court finds that the BOP has properly acted in accordance with the SCA. Leverett's recommended halfway house placement date was December 12, 2025, twelve months before his projected release date in December 2026. The SCA requires only that BOP consider placing Leverett in a RRC for up to the final twelve months of his sentence. At the time Leverett filed this action, that requirement was met. Therefore, Leverett is not entitled to relief on this basis.

Second, Leverett is not entitled to habeas relief for the BOP's application of his sentencing credits under the FSA. The record before the Court shows that Leverett is ineligible to receive earned-time credits under the FSA. To determine whether an inmate is eligible to apply earned-time credits under the FSA, the BOP conducts the PATTERN assessment. The assessment places inmates in one of four categories to determine risk of recidivism: minimum, low, medium, or high. Only inmates with "a demonstrated recidivism risk reduction or [ ] [who]

9

[have] maintained a minimum or low recidivism risk" are eligible to apply earned FSA time credits. 18 U.S.C. § 3624 (g)(1); *see also Knight v. Bell*, 2021 WL 1753791, at *4 (D. Md. May 4, 2021) (acknowledging that "[b]efore the credits are applied, however, eligible inmates must first serve a certain portion of their sentence and attain a low or minimum risk level on PATTERN").

Leverett's July 2021 PATTERN score indicated he was a "high" recidivism risk. (ECF No. 1, PageID.14.) Leverett's most recent 2025 assessment indicates that he is a "medium" recidivism risk. (ECF No. 8-2, PageID.78.) Based on the record presented to the Court, Leverett has yet to receive a PATTERN score indicating a minimum or low risk of recidivism. Until he receives a "minimum" or "low" PATTERN score, he is ineligible to receive earned-time credits under the FSA. *See Swan v. Rokosky*, No. CV SAG-24-1973, 2025 WL 637451, at *3 (D. Md. Feb. 27, 2025) ("Swan is eligible to receive earned time credits because his conviction is not a disqualifying offense, but due to his medium PATTERN score, he cannot have those earned time credits applied to his sentence."). Accordingly, Leverett is not entitled to habeas relief on this claim.

10

## IV.   CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DENIED WITH PREJUDICE**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Leverett need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**IT IS FURTHER ORDERED** that any leave to appeal in forma pauperis filed by Leverett is **DENIED** because an appeal cannot be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**IT IS FURTHER ORDERED** that the motion for leave to supplement the petition (ECF No. 5) is **GRANTED**.

This case is **CLOSED**.

**SO ORDERED**.

Dated:  March 23, 2026

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

11

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2026.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager